1UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KENNETH WATTS,                                    :
                          Plaintiff,    :
                                            :       21 Civ. 8978 (LGS)
         -against-                         :
                                            :              <u>ORDER</u>
WARDEN CARTER, et al.,                       :
                         Defendants. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on March 16, 2022, the initial pretrial conference was held.

       WHEREAS, the Court advised the pro se Plaintiff that in order for the Court to hear his case, he must first go through the New York City Department of Correction's administrative grievance process. Plaintiff is advised that he should provide a detailed account of the wardens' use of excessive force against him, their taking of his property and any other allegations he wishes to bring.

       WHEREAS, the Court further advised Plaintiff that, only after Plaintiff has completed the administrative grievance process, should Plaintiff file an amended complaint to the Court through the Pro Se Intake Unit.

       WHEREAS, the Court ordered Plaintiff to file a letter by April 25, 2022, describing the status of the administrative grievance process.

       WHEREAS, the status letter was not filed by April 25, 2022. On May 3, 2022, the Court advised Plaintiff that failure to file the status letter could result in dismissal of the case for failure to prosecute and failure to exhaust administrative remedies. The Court ordered Plaintiff to file the letter describing the status of the administrative grievance process by May 31, 2022.

       WHEREAS, the status letter was not filed by May 31, 2022. On June 9, 2022, the Court

advised Plaintiff that failure to file the status letter could result in dismissal of the case for failure to prosecute and failure to exhaust administrative remedies. The Court ordered Plaintiff to file the letter describing the status of the administrative grievance process by June 30, 2022.

WHEREAS, the status letter was not filed on by June 30, 2022.

WHEREAS, Rule 41(b) of the Federal Rules of Civil Procedure "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630 (1962)); *accord Hay v. PBR Sales, LLC*, No. 18 Civ. 5736, 2022 WL 1799760, at *2 (S.D.N.Y. June 2, 2022). "A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers,* 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir. 1996)); *accord Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019). A pro se litigant's claims should be dismissed for failure to prosecute "only when the circumstances are sufficiently extreme." *Id.* (internal citation removed). *Baptiste,* 768 F.3d at 216; *accord Morales v. N.Y. Presbyterian Hospital*, No. 18 Civ. 9711, 2021 WL 3375605, at *2 (S.D.N.Y. Apr. 2, 2021).

WHEREAS, all the factors weigh in favor of dismissal. Administrative remedies appear not to have been exhausted. After the second failure to file a status letter, the Court warned Plaintiff that "failure to file the letter will result in dismissal of the case for failure to prosecute

and failure to exhaust administrative remedies." Dkt. No. 21.  As administrative remedies have not been exhausted, Plaintiff is not likely to be prejudiced by the dismissal.  It is hereby

**ORDERED** that, for the foregoing reasons, the Complaint is dismissed without prejudice.

The Clerk of Court is respectfully directed to close the case and send a copy of this order to the pro se Plaintiff.

Dated: July 11, 2022
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**